UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC RIGGS,<br><br>        Plaintiff,<br><br>    v.<br><br>R.T.C. GROUNDS, Warden, et al.,<br><br>        Defendants. | Case No. C 13-5864 KAW (PR)<br><br>**ORDER OF SERVICE OF COGNIZABLE CLAIM; DISMISSING WITH LEAVE TO AMEND NON-COGNIZABLE CLAIM** |

Plaintiff Isaac Riggs, a state prisoner incarcerated at Salinas Valley State Prison ("SVSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by staff at SVSP. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP") with a completed IFP application, which is granted in a separate order. The Court now addresses the claims asserted in Plaintiff's complaint.

DISCUSSION

I.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under § 1983. *Lemire*, 726 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

II.     Plaintiff's Claims

Plaintiff sues Warden Grounds, Captain D. Asuncion, Lt. R. Parin, Lt. J. Stevenson and Officer L. Cahlunder. Plaintiff alleges the following. At approximatley 12:24 pm on February 7, 2012, Plaintiff was released from his cell to shower. Plaintiff approached the tower to talk to Officer P. Guzman about the fact that he was always released last to shower. On his way back to his cell, Plaintiff stopped at the podium to exchange two old razors for two new ones. Officer Cahlunder stated that Plaintiff did not respect him and that Plaintiff could not exchange the razors.

2

As Plaintiff was bending over to place the razors in the bucket, Officer Cahlunder sprayed Plaintiff in the face with pepper spray and pushed him to the ground, causing Plaintiff to strike his head on the ground. While Plaintiff was on the ground, Officer Cahlunder proceeded to kick and hit Plaintiff with what seemed like a flashlight, injuring Plaintiff's head, neck and back.

Plaintiff was placed in a holding cage in the health annex. Approximately fifteen minutes later, Capt. Asuncion and Lt. Parin came to see Plaintiff and decided to place him in Administrative Segregation ("Ad Seg") pending the hearing on Plaintiff's rules violation report ("RVR").

On March 7, 2012, Plaintiff filed a complaint against Officer Cahlunder for excessive force. On April 23, 2012, Lt. Stevenson heard Plaintiff's RVR even though Plaintiff had asked for a different officer to preside at the hearing on the ground that Lt. Stevenson was biased against him. Lt. Stevenson found Plaintiff guilty at this RVR and assessed him 150 days loss of good time credits. Later, Plaintiff also was assessed a six-month term in the Secured Housing Unit ("SHU"). However, two hours later, Plaintiff was informed that the SHU term was suspended and that the RVR violation was reduced from A(B) to A(D) and the credit loss was reduced from 150 days to 90 days. This was done before the Internal Affairs investigation was completed, which found that Officer Cahlunder had violated California Department of Corrections and Rehabilitation ("CDCR") policy. Plaintiff received a memorandum dated March 14, 2013 stating that Officer Cahlunder had violated policy by using excessive force on Plaintiff and by lying on state documents.

The Eighth Amendment's prohibition of cruel and unusual punishments protects an inmate from force used maliciously and sadistically for the very purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Liberally construed, the complaint states a cognizable § 1983 claim against Officer Cahlunder for applying excessive force against Plaintiff by allegedly spraying him with pepper spray and then kicking and hitting Plaintiff with a flashlight while he was on the floor.

3

However, Plaintiff's complaint does not include allegations showing how the other named Defendants used excessive force against him. Therefore, the excessive force claim against all Defendants, except for Officer Cahlunder, is dismissed with leave to amend for Plaintiff to add allegations remedying this deficiency.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for excessive force against Officer Cahlunder.

2. Plaintiff's excessive force claim against Warden Grounds, Capt. Asuncion, Lt. Parin and Lt. Stevenson is dismissed with leave to amend. Plaintiff may file an amended complaint remedying the deficiencies noted above within twenty-one days from the date of this Order. The amended complaint must include the caption and civil case number used in this Order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. If Plaintiff does not file an amended complaint within the designated timeframe, his claims against these Defendants will be dismissed without leave to amend and his claim against Officer Cahlunder will proceed in accordance with the schedule set forth below.

3. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to SVSP Defendant Officer Cahlunder.</u> The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this Order to Plaintiff.

4. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure require him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of

Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendant is advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

5. Defendant shall file his Consent or Declination to Magistrate Judge Jurisdiction on or before the date his answer is due.

6. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than <u>thirty</u> days from the date his answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. If Defendant files a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendant shall comply with the Ninth Circuit's decisions in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and *Stratton v. Buck*, 697 F.3d 1004 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion or a motion to dismiss for failure to exhaust administrative remedies.

   b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendant no later than <u>twenty-eight</u> days after the date on which Defendant's motion is filed.

   Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

   c. Defendant <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

  8. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

  9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: 3/19/14

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE