UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ISAAC RIGS,

        Plaintiff,

vs.

R.T.C. GROUNDS, et. al.,

        Defendants.

No. C 13-5864 PJH (PR)

**ORDER DENYING MOTION TO APPOINT COUNSEL AND EXTENSION**

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. He has filed a motion to appoint counsel and seeks an extension for defendants to reply to a discovery request.

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff appears able to present his claims adequately, and the issues are not complex. Therefore, the motion to appoint counsel will be denied.

Plaintiff also seeks an extension for defendants to respond to a documents request. The court generally is not involved in the discovery process and only becomes involved

when there is a dispute between the parties about discovery responses.  Discovery requests and responses normally are exchanged between the parties without any copy sent to the court.  *See* Fed.R.Civ.P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise).  Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process.  The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements.  To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention.  *See* Fed. R. Civ .P. 37(a); N.D. Cal. Local Rule 37.  Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters.  Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.

## CONCLUSION

1. The motion to appoint counsel (Docket No. 25) is **DENIED**.

2. The motion for an extension (Docket No. 26) is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 19, 2014.

　　　　　　　　　　　　　　　　　　　PHYLLIS J. HAMILTON
　　　　　　　　　　　　　　　　　　　United States District Judge

G:\PRO-SE\PJH\CR.13\Riggs5864.ord.wpd

2