UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ISAAC RIGGS, | |
| Plaintiff, | No. C 13-5864 PJH (PR) |
| vs. | **ORDER DENYING MOTION TO DISMISS** |
| R.T.C. GROUNDS, et. al., | |
| Defendants. / | |

This is a civil rights case brought pro se by a prisoner. Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that plaintiff's claim is barred by the favorable termination rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). For the reasons set forth below, the motion is denied.

**DISCUSSION**

**A.   Background**

Plaintiff was incarcerated at Salinas Valley State Prison at the time of the incident. Motion to Dismiss ("MTD") at 2. Plaintiff alleges that on February 7, 2012, he was exiting the shower when he stopped at a podium to exchange two old razors for new razors. Compl. at 3. He states he held up the two old razors to let the correctional officers know he was exchanging razors. He contends that defendant correctional officer Cahlander stated plaintiff was not respecting him and told plaintiff he could not exchange razors, then Cahlander sprayed plaintiff in the face with pepper spray and pushed him to the ground causing plaintiff to strike his head. *Id*. Plaintiff then alleges that Cahlander kicked and hit plaintiff, with what seemed like a flashlight, causing severe pain to his head, neck, and back. *Id.* at 4.

Plaintiff was assessed 90 days' loss of time credits as a result of this incident when he was found guilty of attempted battery. *Id.* at 4, 12, 41. Plaintiff's exhibits from his complaint contain the rules violation report that was issued after the incident and the report from the hearing where he was found guilty. The correctional officers state that plaintiff was yelling profanities at guards, then went to the podium and grabbed two razors, and refused to put them down when ordered to do so. *Id.* at 12. It is alleged that plaintiff raised his hands while holding the razors and approached defendant. Plaintiff dropped the razors after being pepper sprayed and complied with instruction to assume a prone position and place his hands behind his back to be handcuffed. *Id.* According to the exhibits, plaintiff stated at the rules violation hearing that all he did was grab two razors. He said he never assaulted or attempted to assault any correctional officer and he needs a cane to walk. *Id.* at 11.

**B.    Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). All allegations of material fact are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). "A plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

2

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

In *Edwards v. Balisok*, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in *Heck* to prison disciplinary hearings. The Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. *Balisok*, 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. *Heck*, 512 U.S. at 487; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

**C.    Analysis**

Plaintiff stated during the rules violation hearing that he was not the aggressor; rather, defendant pepper sprayed and assaulted him unprovoked. The hearing officer found plaintiff guilty of attempted battery. However, the hearing officer did not discuss in his findings plaintiff's allegations that he was assaulted while on the ground and if this assault constituted excessive force or if the pepper spraying itself was excessive.

The Ninth Circuit has clarified that the application of *Heck's* "favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). *Heck* does not bar all excessive force actions. *See Hooper v. County of San Diego*, 629 F.3d 1127, 1132-33 (9th Cir. 2011) (excessive force claim not barred because plaintiff, who had resisted arrest, was attacked by a police dog after becoming compliant).

A disciplinary conviction for battery on a peace officer is not necessarily inconsistent with a finding in the inmate's favor on an excessive force claim brought pursuant to a §

3

1983 claim such that the latter claim is *Heck*-barred as a matter of course.  Whether a finding in favor of the inmate on his § 1983 claim will necessarily invalidate the disciplinary conviction is a fact-specific inquiry regarding the disciplinary conviction and the facts underlying the § 1983 claim.  *See Smith v. City of Hemet*, 394 F.3d 689, 697–98 (9th Cir. 2005) (excessive force claim was not *Heck*-barred where the force occurred subsequent to the conduct upon which the conviction for willfully resisting, delaying or obstructing peace officer in performance of duties was based); *Cunningham v. Gates*, 312 F.3d 1148, 1153-55 (9th Cir. 2002) (inmate's felony murder conviction *Heck*-barred any civil claim that he was not the provocateur of the incident at issue and barred his excessive force claim based on a danger-creation theory).

California district courts have determined that Eighth Amendment claims under circumstances similar to those in this case are not foreclosed by *Heck*.  *See Williams v. Young*, 2014 WL 505184, at *4-6 (E.D. Cal. Jan. 24, 2014) (prisoner's excessive force claim not barred by *Heck* where prisoner was found guilty of refusing to follow an order but alleged excessive force by guards in their response); *Green v. Goldy*, 2011 WL 2445872, at *6-7 (E.D. Cal. June 15, 2011) (prisoner's excessive force claim not *Heck*-barred because two factual predicates exist, one giving rise to the disciplinary conviction, and the other giving rise to a potential civil claim for excessive force); *Gipbsin v. Kernan*, 2011 WL 533701, at *5-7 (E.D. Cal. Feb. 11, 2011) (excessive force claim not *Heck*-barred because success on plaintiff's claim would not necessarily negate his disciplinary conviction for battery on a peace officer or his criminal conviction in state court for battery); *Candler v. Woodford*, 2007 WL 3232435, at *8 (N.D. Cal. Nov. 1, 2007) (excessive force claim not *Heck*-barred because "defendants have not shown that if plaintiff were to prevail on his excessive force claims the validity of the finding that he committed battery on a peace officer necessarily would be implicated").[1]

---

[1] The court is aware that other courts have found under similar facts that a plaintiff's claim that he was the victim would invalidate the basis of the rules violation report which found that plaintiff was the aggressor and was therefore *Heck*-barred. See, e.g., *Scott v. Palmer*, 2012 WL 396587, at *2–5 (E.D. Cal. Feb. 7, 2012); *Sharp v. Morrison*, 2010 WL 2838635, at

4

In this case, plaintiff could have attempted to assault defendant, but defendant's use of pepper spray and the alleged assault that occurred once plaintiff was on the ground could have violated the Eighth Amendment.  Although plaintiff's conduct and defendant's alleged excessive use of force arise out of the same incident, two separate factual predicates exist, the first giving rise to plaintiff's disciplinary conviction, and the second giving rise to defendant's potential liability for excessive force.  *See Hooper*, 629 F.3d at 1132 ("Though occurring in one continuous chain of events, two isolated factual contexts would exist, the first giving rise to criminal liability on the part of the criminal defendant, and the second giving rise to civil liability on the part of the arresting officer," *quoting Yount v. City of Sacramento*, 43 Cal. 4th 885, 899 (2008)).  Therefore, plaintiff's claim is not barred by *Heck*.[2]

## CONCLUSION

1. The motion to dismiss (Docket No. 31) is **DENIED**.

2. Within 60 days of the date this Order is filed, defendant shall either file a motion for summary judgment or a notice that the case cannot be resolved by such a motion.  All other provisions of the court's March 19, 2014, Order (Docket No. 5), that are not in conflict with this Order, remain in effect including the provisions governing a motion for summary judgment, discovery, and keeping the court updated on any changes in the parties' addresses.

**IT IS SO ORDERED.**

Dated: February 13, 2015.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Riggs5864.mtd.wpd

---

*4-5 (E.D. Cal. July 20, 2010); *Saffi v. Knight*, 2009 WL 4895322, at *3-4 (E.D. Cal. Dec. 11, 2009).

[2] The parties complied with a court order for further briefing regarding the effect of plaintiff's loss of credits on his sentence of 119 years.  Both parties present valid arguments, however the court will not look to the issue as it has found that plaintiff's allegations would not imply the invalidity of the prison disciplinary finding.